UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALEJANDRA GAMINO PADILLA,<br><br>        Petitioner,<br><br>v.<br><br>JASON KNIGHT, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office, MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; MIKE HOLLINGSHEAD, Sheriff of Elmore County,<br><br>        Respondents. | Case No. 1:26-cv-00355-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Petitioner Alijandra Gamino Padilla's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Emergency Motion for Temporary Restraining Order (Dkt. 2).

The Court expedited briefing on the matters. Dkt. 5. The Government opposes Padilla's Petition. Dkt. 7. Upon review, and for the reasons set forth below, the Court GRANTS Padilla's Petition and denies the Motion for Temporary Restraining Order as MOOT.

MEMORANDUM DECISION AND ORDER – 1

## II. BACKGROUND

On September 28, 2017, Padilla—a Mexican national—presented herself at the Port of Entry in San Ysidro, CA, and applied for admission to enter the United States as an arriving alien. She did not have proper documentation and claimed asylum. Accordingly, Padilla was arrested pursuant to 8 U.S.C. § 1225(b) and processed for expedited removal.

In October of 2017 it was determined Padilla's claim of fear was credible and a Notice to Appear was issued. On January 6, 2018, Padilla submitted a request to Immigration and Customs Enforcement ("ICE") for humanitarian parole based on medical reasons. On February 22, 2018, ICE redetermined Petitioner's custody and paroled her from detention contingent on Petitioner posting an immigration bond. On May 1, 2018, Petitioner posted a bond of $7,500.00 and was released from custody.

After several hearings reviewing Padilla's asylum claims, an Immigration Judge denied asylum and Padilla was ordered removed to Mexico. Padilla appealed the removal order to the Board of Immigration Appeals. In June of 2022, Padilla requested ICE dismiss the proceedings against her for several reasons, including that she was eligible for a U-Visa Certification because she was the victim of a felony assault. In December of 2022, a Joint Motion was filed requesting the removal proceedings be dismissed without prejudice. In January of 2023, the BIA terminated the proceedings against Petitioner without prejudice.

Padilla has been living peaceably in Caldwell, Idaho, with her husband and two United States citizen children. She has no criminal history.

On June 4, 2026, Padilla was riding in a car with her husband when they were stopped by ICE, who were targeting her husband for removal. Padilla was detained along

MEMORANDUM DECISION AND ORDER – 2

with her husband, as a collateral arrest. That same day, she was transported to Elmore County Detention Center, in Mountain Home, Idaho, where she is currently being held pursuant to the Department of Homeland Security's ("DHS") authority.

Padilla contends her detention is unlawful because DHS and the Executive Office of Immigration Review have determined she is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A).

### III. LEGAL STANDARD

The Constitution guarantees every person in the United States due process of law, including persons who are not United States citizens. *See, e.g.*, *Lopez v. Heinauer*, 332 F.3d 507, 512 (8th Cir. 2003) ("The Supreme Court has long recognized that deportable aliens are entitled to constitutional protections of due process." (citing *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903))); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Habeas proceedings provide a forum to challenge the legality of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

### IV. DISCUSSION

Padilla's Petition represents one of many habeas cases in the District of Idaho. All District Judges in this District agree DHS's position regarding the interplay between 8 U.S.C. §§ 1226(a) and 1225(b)(2), and the associated bond provisions, is erroneous. *See, e.g.*, *Quijada Cordoba v. Knight*, No. 1:25-cv-00605-BLW, 2025 WL 3228945 (D. Idaho Nov. 19, 2025); *Guadarrama Ayala v. Henkey*, No. 1-25-cv-00682-AKB, 2025 WL 3754138 (D. Idaho Dec. 29, 2025); *Artega v Leyva*, 1:26-cv-00236-DCN, 2026 WL

MEMORANDUM DECISION AND ORDER – 3

1283869 (D. Idaho May 11, 2026). The Court will not repeat that analysis here as it is well known at this point.

In this case, however, the Government has taken a slightly different approach. It contends this case is factually different from other cases recently filed in the district. The Government argues Padilla is still "seeking admission"—as evidenced by the fact that dates have been set to move forward with renewed removal proceedings—and therefore her detention without bond is appropriate under 8 U.S.C. § 1225(b).

For her part, Padilla does not see a distinction between this case and all the other cases filed in this district. She agrees her status remains unchanged, but proffers that means she should remain out of custody pending any removal proceedings. The Court agrees.

First, Padilla was paroled from custody. As Judge Brailsford recently explained, when this happens, § 1225 ceases to apply. *Mendoza v. Henkey*, 2026 WL 446364, at *1 (D. Idaho Feb. 17, 2026) (explaining that "an alien who is paroled is subject to detention under § 1226(a)—not § 1225(b)(1)—because parole disqualifies a noncitizen from § 1225(b)(1)(B)(ii)'s grasp.").[1]

Second, Padilla's removal proceedings were terminated. Because of this, Padilla has not been "seeking admission" under § 1225. *See Del Valle Castillo v. Wamsley*, 2025 WL

---

[1] To be sure, there are some nuances when it comes to the *type* of parole—conditional parole or humanitarian parole—and how that affects detention. But again, no removal proceedings were actively in progress when Padilla was arrested. Therefore, regardless of the type of parole she was on at the time—if any at all—because her removal proceedings had been dismissed, the provisions of § 1225(b)(1) simply do not apply. *See Kandola v. Warden, California City Det. Facility*, 2026 WL 1243464, at *2 (E.D. Cal. May 6, 2026), report and recommendation adopted, 2026 WL 1363087 (E.D. Cal. May 15, 2026) ("despite the ambiguity as to the statutory basis for petitioner's initial release, given the dismissal of his removal proceedings in 2022, the undersigned finds that petitioner is not an applicant for admission under § 1225(b)(1).").

MEMORANDUM DECISION AND ORDER – 4

3524932, at *7 (W.D. Wash. Nov. 26, 2025) (finding that the termination of petitioner's removal proceedings made her subject to § 1226(a) "regardless of the basis for her initial detention") (citing 8 C.F.R. § 1239.2(e)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Section 1225(b)(1) aliens are detained for 'further consideration of the application for asylum,' and § 1225(b)(2) aliens are in turn detained for '[removal] proceeding[s].' Once those proceedings end, detention under § 1225(b) must end as well.").

Third and finally, even assuming Padilla is now subject to reinitiated removal proceedings, such does not change the Court's analysis because Padilla had developed a liberty interest in her freedom. Taken from the criminal context, multiple courts have found immigration detainees granted release have acquired a liberty interested worthy of due process protections. *See, e.g.*, *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen released from immigration detention] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases and noting that, "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody.")

DHS released Padilla on condition of payment of bond and compliance with supervision. That is still in effect. What's more, the Government does not assert Padilla has now, eight years later, become a flight risk or danger to the community. Nor has the Government alleged any interest in maintaining Padilla in custody. Simply put, nothing has changed since 2018 such that the Government would be unable to conduct renewed

MEMORANDUM DECISION AND ORDER – 5

removal proceedings with Padilla at liberty.[2]

In conclusion, the Court does not see a material difference between this case and the plethora of other cases it has adjudicated recently. Padilla is not an applicant for admission and the mandatory detention provisions of §1225 simply do not apply.

Accordingly, the Court grants Padilla's Petition and orders her immediate release from custody.

### V. ORDER

1. Padilla's Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED.

2. Padilla's Motion for Temporary Restraining Order (Dkt. 2) is DENIED AS MOOT.

DATED: June 26, 2026

David C. Nye
U.S. District Court Judge

---

[2] Law enforcement can make arrests as they see fit. And they can detain people for a short period of time as necessary. But in the context of illegal aliens subject to removal proceedings, the Government needs to choose whether detention is pursuant to § 1225 or § 1226—and they need to do so beforehand, if not shortly thereafter. The Court's frustration all along has been that DHS/ICE seems to be taking a "detain first, figure out later" approach. As has often been the case, DHS/ICE got it wrong, and the person should not have been detained in the first instance. Less often is a case such as this where DHS/ICE essentially got lucky and detained a person who *might* otherwise have qualified for detention. But the District of Idaho has *resoundingly* rejected DHS/ICE's interpretation of the law and provided guidance on how to balance their interests in removing illegal aliens with those individuals' due process interests: hold the statutorily-required bond hearings. But DHS/ICE cannot keep blindly detaining people, hoping that some later investigation will suggest the person was otherwise detainable all along. Such an approach is contradicted by general principles of fairness and flies in the face of due process. Nor can DHS/ICE continue to essentially flout the Court's interpretation of the applicable law. These petitions—the vast majority of which are granted—are a drain on the limited judicial resources in the District of Idaho. Prudence would suggest a different approach.

MEMORANDUM DECISION AND ORDER – 6